IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DARRELL REESE,** :
:
    **Petitioner,** : CIVIL NO. 3:CV-07-0497
:
    v. : **(Judge Caputo)**
:
**PENNSYLVANIA ATTORNEY** :
**GENERAL,** *et al.,* :
:
    **Respondents.** :

## ADMINISTRATIVE ORDER WITH NOTICE OF LIMITATIONS ON FILING OF FUTURE PETITIONS UNDER 28 U.S.C. § 2254

TO THE PETITIONER:

    The Court has received a filing from you which you have titled a habeas petition governed by 28 U.S.C. § 2254. The purpose of this notice is to inform you of limitations upon your right to file another habeas petition in the future if your current petition is considered by the Court. *See Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) (requiring district courts to provide notice to pro se habeas petitioners of the implications of 28 U.S.C. § 2244(b) before ruling on their petitions).

    Under 28 U.S.C. § 2244(b)(3)(A), no second or successive habeas petition under section 2254 is allowed unless there are exceptional circumstances and the Petitioner has obtained permission from the appropriate court of appeals. This means that if your current § 2254 habeas petition is considered on the merits and denied, you no longer have the right simply to file another § 2254 petition in this Court raising other grounds for relief, even if you are attempting to raise grounds that you did not think of before filing the current petition. Instead, you would have to move in the court of

appeals for a certificate allowing you to file that second § 2254 petition.  Further, the grounds upon which you could rely to obtain that certificate, and proceed with a second § 2254 petition, are limited to two extremely rare circumstances: (1) the factual basis for the new claim was not previously available to you by the exercise of due diligence and those facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found you guilty of the underlying offense or (2) there is a new rule of constitutional law that was previously unavailable to you and made retroactive to cases on collateral review by the Supreme Court.  Please consult 28 U.S.C. § 2244(b)(2) for further details.

Because these grounds are so limited, in most cases they will result in the denial of approval to file a second or successive § 2254 habeas petition, thereby barring the litigation of grounds that had not been presented in the first § 2254 petition. Thus, you should carefully consider whether the current habeas petition raises all grounds for relief from your conviction.  If you think it may not, you may want to withdraw it before the Court considers it.  The Court will allow you to do this now without prejudice to your right, after you have given the petition more thought, to file another § 2254 petition, subject to statutory limitations.

If you do decide to withdraw your current petition with the intent of filing a comprehensive § 2254 petition in the future, you are also advised that 28 U.S.C. § 2244(d) sets forth a one-year statute of limitations for filing a § 2254 petition.  It also specifies periods of time that are not counted toward the limitations period.  You should consult this section for when the one-year period starts to run.

**ACCORDINGLY, THIS 24th DAY OF APRIL, 2007, IT IS HEREBY ORDERED THAT**:

1. The Petitioner is given leave to withdraw the current § 2254 petition without prejudice to filing another § 2254 petition raising all grounds for relief from his conviction.

2. The Petitioner is granted 45 days from the date of this Order to notify the Court of his decision. A Notice of Election Form accompanies this Order. If he fails to do so, the Court will rule on the current § 2254 petition as filed.

3. If the one-year limitations period would expire during this 45-day period, the limitations period is tolled from the date of this Order until the Petitioner's notification is filed, or until 45 days have elapsed, whichever is earliest.

4. In these circumstances, and if the Petitioner decides to file an all-inclusive § 2254 petition raising all grounds for relief, the Petitioner's response must also be accompanied by his new § 2254 petition. If the response is not accompanied by the new petition, the Court will withdraw the current petition and dismiss this action without prejudice.

A. RICHARD CAPUTO
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL REESE,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-07-0497 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **PENNSYLVANIA ATTORNEY GENERAL,** *et al.,* | : | |
| | : | |
| | : | |
| Respondents. | : | |

## NOTICE OF ELECTION

I, Darrell Reese, Petitioner in the above-captioned action, have read the Order of Court which accompanied this form notice. Pursuant to that Order, I elect to proceed in this action as follows:

    ____ I choose to have the Court rule on my petition as filed.

    ____ I choose to withdraw the petition so that I may file one, all-inclusive petition under 28 U.S.C. § 2254 within the one-year limit for filing such a petition.

                                                                   Darrell Reese, Petitioner

Executed on _____.
               (Date)